UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| XENIUM, S.A. DE C.V.,<br><br>　　　　Plaintiff,<br>v.<br><br>CARLSON HOTELS WORLDWIDE,<br>INC.; and DOES 1 through 20,<br>inclusive,<br><br>　　　　Defendants. | Civil No. 03CV1738 JAH (BLM)<br><br>**ORDER GRANTING PLAINTIFF'S EX PARTE APPLICATION FOR CONTINUANCE OF SUMMARY JUDGMENT MOTION; DENYING DEFENDANT CARLSON HOTELS' MOTION FOR REASONABLE EXPENSES**<br><br>**[Doc. No. 77 and 80]** |

## INTRODUCTION

Now before this Court is Plaintiff Xenium, S.A. de C.V. ("Plaintiff") ex parte application for a continuance under Fed. R. Civ. P. 56(f) of Defendant Carlson Hotels Worldwide, Inc. ("Defendant") motion for summary judgment. Doc. No. 77. Defendant opposed the ex parte application. The parties' arguments and relevant documents have been reviewed and fully considered. For the reasons set forth, this Court hereby GRANTS Plaintiff's ex parte application to continue the summary judgment motion under Fed. R. Civ. P. 56(f), and DENIES Defendant's motion for reasonable expenses under Fed. R. Civ. P. 56(g).

## BACKGROUND

On August 28, 2003, Plaintiff filed a complaint alleging intentional interference with prospective business advantage, unfair competition and business practices under Federal and California law, alleged breach of an oral contract, as well as promissory estoppel and intentional misrepresentation. Defendant filed a motion to dismiss on January 21, 2004. Doc. No. 9.

1  Plaintiff filed an opposition to Defendant's motion on March 12, 2004. Doc. No. 16.
2  Defendant filed a reply on March 19, 2004. Doc. No. 18. The motion was taken under
3  submission without oral argument on March 25, 2004, pursuant to Civ.LR 7.1(d.1). Doc. No.
4  19. This Court issued an Order granting Defendant's motion to dismiss and dismissing the
5  complaint without prejudice on September 24, 2004. Doc. No. 20.

6        On October 4, 2004, Plaintiff filed a motion for reconsideration with this Court
7  regarding the filing of an amended complaint to address the deficiencies the Court noted in its
8  Order of September 24, 2004. Doc. No. 22. Defendant filed an opposition on November 18,
9  2004. Plaintiff filed a reply on November 23, 2004. Doc. No. 27. The motion was taken
10 under submission without oral argument on December 2, 2004, pursuant to Civ.LR 7.1(d.1).
11 Doc. No. 28. On January 25, 2005, the Court granted Plaintiff's motion for reconsideration,
12 giving Plaintiff thirty days to file an amended complaint. January 25, 2005. Doc. No. 29.
13 Plaintiff filed a first amended complaint on February 25, 2005. Doc. No. 30.

14       On March 30, 2005, Defendant filed a motion to dismiss the first amended complaint.
15 Doc. No. 31. Plaintiff filed an opposition on May 5, 2005. Doc. No. 38. On May 12, 2005,
16 Defendant filed a reply. Doc. No. 39. The motion was taken under submission without oral
17 argument on May 17, 2005, pursuant to Civ.LR 7.1(d.1). Doc. No. 41. On August 1, 2005,
18 this Court denied Defendant's motion to dismiss as untimely. Doc. No. 45. Defendant filed
19 an answer to the first amended complaint on August 3, 2005. Doc. No. 46.

20       On November 4, 2005, Magistrate Judge Major issued a scheduling order setting May
21 5, 2006 as the deadline for discovery completion. Doc. No. 56. On June 8, 2006, Defendant
22 filed an <u>ex parte</u> application to continue several pretrial deadlines. Doc. No. 73. Magistrate
23 Judge Major issued an Order continuing the discovery deadline until August 3, 2006, and
24 requiring all pretrial motions to be filed so as to be heard before September 7, 2006. Doc. No.
25 73.

26       On June 30, 2006, Defendant filed a motion for summary judgment, scheduled to be
27 heard before this Court on September 7, 2006. Doc. No. 74. Plaintiff filed an <u>ex parte</u>
28 application to continue the motion for summary judgment in order to conduct additional

discovery on August 21, 2006.  Doc. No. 77.  Defendant filed an opposition to Plaintiff's <u>ex parte</u> application on August 25, 2006.  Doc. No. 80.  Defendant also seeks reasonable expenses under Fed. R. Civ. P. 56(g) in opposing Plaintiff's 56(f) motion.  <u>Id</u>. at 7-8.

## DISCUSSION

**1.     Legal Standard**

Rule 56(f) permits a district court to continue a motion for summary judgment when the party opposing the motion has not had an opportunity to make full discovery.  Fed.R.Civ.P. 56(f); <u>Celotex Corp. v Catrett</u>, 477 U.S. 317, 326 (1986).  The rule requires that the party seeking a continuance show that additional discovery would uncover specific facts which would preclude summary judgment.  <u>Maljack Productions, Inc. v. GoodTimes Home Video Corp.</u>, 81 F.3d 881, 888 (9th Cir. 1996).  Thus, the party seeking a continuance "may not simply rely on vague assertions that additional discovery will produce needed, but unspecified, facts." <u>Simmons Oil Corp. v. Tesoro Petroleum Corp.</u>, 86 F.3d 1138, 1144 (Fed. Cir. 1996) (quoting <u>S.E.C. v. Spence & Green Chem. Co.</u>, 612 F.2d 896 (5th Cir. 1980)).

More specifically, a party seeking to continue a motion for summary judgment must: (1) set forth in affidavit form the specific facts it hopes to elicit from further discovery; (2) show that those facts exist; and (3) explain why those facts are essential to resisting the motion for summary judgment.  <u>State of California v. Campbell</u>, 138 F.3d 772, 779 (9th Cir. 1998), *cert. denied* 525 U.S. 822 (1998).  District courts have discretion to deny a Rule 56(f) motion when the moving party fails to show that it exercised reasonable diligence during discovery.  <u>Conkle v. Jeong</u>, 73 F.3d 909, 914 (9th Cir. 1995); <u>Mackey v. Pioneer Nat'l Bank</u>, 867 F.2d 520, 523-24 (9th Cir. 1989) ("A movant cannot complain if it fails to diligently pursue discovery before summary judgment.").

**2.     Analysis**

Plaintiff seeks a continuance of the pending motion for summary judgment hearing in order to depose Defendant's employees and witnesses, including Thomas Trout, Jim Beard, Ruth Ormsby, Thomas G. Huffsmith and Luis Acosta.  Doc. No. 77 at 2.  Plaintiff contends that although it had timely filed notice for the depositions before the discovery deadline cut-off

date, the depositions had not taken place due to scheduling conflicts of all parties.[1] <u>Id</u>. at 4. Plaintiff states that the depositions of these parties is necessary since the deponents have information that is essential for opposing Plaintiff's motion for summary judgment. <u>Id</u>. at 3. Plaintiff lists two examples of material facts that he believes will be obtained from the deposition of these witnesses:

1.  Information regarding the "date of breach of the oral agreement between Plaintiff and Defendant" necessary for opposing Defendant's statute of limitations and statute of frauds defense against Plaintiff's breach of contract claim; and

2.  Facts regarding communications between Regent Hotels Worldwide employees necessary to support Plaintiff's claim against Defendant for intentional interference with a contract Regent Hotels had with Plaintiff.

<u>Id</u>. at 3-4. Plaintiff cites to specific e-mail communications that were received by Defendant in early June 2006 that points to pertinent information exchanged between deponent witnesses Thomas Trout and Ruth Ormsby, as well Mr. Trout and Jim Beard. <u>Id</u>. at 4.

Defendant opposes Plaintiff's <u>ex parte</u> application, stating that Plaintiff had several months to conduct discovery, Plaintiff lacked diligence in pursuing the deposition of Defendant's witnesses, Plaintiff's assertions are not specific enough under Fed. R. Civ. P. 56(f), and Defendant will be prejudiced by any delay in the proceedings. Doc. No. 80 at 2. Defendant also seeks reasonable expenses under Fed. R. Civ. P. 56(g).[2] <u>Id</u>. at 7-8.

After a review of the relevant documents and evidence submitted, the Court finds good cause for granting Plaintiff's <u>ex parte</u> application. Although Defendant argues that Plaintiff had sufficient time to conduct discovery and was not diligent in timely deposing the witnesses, the Court finds it undisputed that Plaintiff had timely noticed the depositions, and that both parties had difficulty scheduling the noticed depositions as evidenced by the stipulation between the parties. *See* Bundy Decl. at Exh. F. The Court thus finds Plaintiff's argument

---

[1] Plaintiff states, and Defendant confirms, that the parties stipulated to extending the deposition dates past the discovery deadline. Doc. No. 77 at 4 fn. 1; Bundy Decl. at Exh. F.

[2] Fed. R. Civ. P. 56(g) allows this Court to award "reasonable expenses" to an opposing party if an affidavit "is presented in bad faith or solely for the purpose of delay."

persuasive regarding his reasonable diligence in pursuing the depositions.

In addition, the Court finds that Plaintiff has asserted with sufficient particularity why the discovery he seeks affects his ability to submit an opposition. Plaintiff lists two examples, including e-mail communications between specific individuals that support its belief of essential information necessary to support their intentional interference of contract claim, as well as information from deponents necessary to oppose Defendant's statute of limitations and statute of frauds defenses. Plaintiff, therefore, has met the requirements for continuance under Fed. R. Civ. P. 56(f). In light of this Court's finding of Plaintiff's need to conduct additional discovery, Defendant's motion for reasonable expenses under Fed. R. Civ. P. 56(g) is DENIED.

## CONCLUSION AND ORDER

Accordingly, for the reasons stated above, **IT IS HEREBY ORDERED** that:

1. Plaintiff's ex parte application for continuance of Defendant's motion for summary judgment is **GRANTED**.
2. The motion for summary judgment, scheduled to be heard on September 7, 2006, is **VACATED** and **RESCHEDULED** to **October 12, 2006 at 3:00 p.m.**
3. Defendant's motion for expenses under Fed. R. Civ. P. 56(g) is **DENIED**.

**IT IS SO ORDERED**.

DATED: September 5, 2006

Hon. John A. Houston, U.S. District Judge
United States District Court

cc: Magistrate Judge Major
    All Counsel of Record